DAL/TLF 2019R00793

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** GLR-20-0355 |
| v. | (Bank Fraud Conspiracy, 18 U.S.C. §§ 1344, 1349, Forfeiture) |
| **TERRELL MEADOWS,** | |
| Defendant. | |

## INFORMATION

### COUNT ONE

(Conspiracy to Commit Bank Fraud)

### Introduction

The United States Attorney for Maryland charges that:

At all times relevant to this Information:

1. **TERRELL MEADOWS** was a resident of the state of Maryland.

### The Charge

2. On or about June 5, 2019 and June 6, 2019, in the District of Maryland and elsewhere, the defendant,

### TERRELL MEADOWS

knowingly and willfully, conspired, agreed, and worked in conjunction with Boaz Bratton-Bey., and others known and unknown, to commit an offense under chapter 63 Title 18, United States Code, namely: to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions and to obtain and attempt to obtain monies, funds, and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses,

representations and promises, in violation of Title 18, United States Code Section 1344 and 1349.

## Object of the Conspiracy and Scheme to Defraud

3. It was the object of the conspiracy and scheme to defraud to obtain access to a line of credit in order to purchase goods from a hardware and home improvement store.

## The Conspiracy and Scheme to Defraud

4. It was a part of the conspiracy and scheme to defraud that **Meadows** Bratton-Bey and others known and unknown, obtained the personally identifying information of a real person, victim R.B.

5. It was further a part of the conspiracy and scheme to defraud that **Meadows**, Bratton-Bey, and others known and unknowing, obtained a fictitious driver's license bearing the PII of victim R.B. and a photograph of Meadows. This fictitious driver's license is depicted below.



6. **MEADOWS** and Bratton-Bey traveled to a Lowe's store located in Parkville, Maryland and caused to be filled out and completed an application for a Lowe's credit card in the name of R.B., using R.B's PII, in order to obtain a $12,000 line of credit.

7. **MEADOWS**, Bratton-Bey, and others known and unknown, fraudulently obtained and used that Lowe's credit card in the name of R.B. to purchase goods from the Lowe's store in Parkville, Maryland on or about June 5, 2019 in the amount of $1,609.19.

8. **MEADOWS**, Bratton-Bey, and others known and unknown used the fraudulently obtained Lowe's credit card in the name of R.B. to purchase goods from a Lowe's store in Baltimore, Maryland through three separate transactions that took place on or about June 5, 2019 and June 6, 2019 totaling $4,378.95.

9. The Lowe's credit card obtained by **MEADOWS,** Bratton-Bey, and others known and unknown, provided credit issued by Synchrony Bank, an entity that at all times relevant to this Information, was insured by the Federal Deposit Insurance Corporation and was a "financial institution" within the meaning of Title 18 United States Cod Section 20.

18 U.S.C. §§ 1344, 1349

## FORFEITURE

1. The allegations contained in Counts is realleged and incorporated here for the purpose of alleging forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that, in the event of the defendant's conviction on Count One of this Information, the United States will seek forfeiture as a part of any sentence, in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c).

3. As a result of the offense charged in Counts One of this Information, the defendant,

## TERRELL MEADOWS

shall forfeit to the United States any and all property, real or personal, constituting, or derived from, proceeds traceable to such offenses.

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(A)
21 USC § 853
28 U.S.C. § 2461(c)

Date: October 16, 2020

*Robert K. Hur /s/ DAL*
_____
ROBERT K. HUR
UNITED STATES ATTORNEY